Catron, J.
delivered the opinion of the Court. This Court is of opinion that the Circuit Court erred in rejecting the evidence offered below to sustain the plea of the defendant. There was not such a variance between the copy of the notice set forth in the plea and that offered in evidence as to authorize the Court to arrest the latter from the jury. The word “ days,” omitted in the notice given in evidence, was most obviously left out by mistake, in making out the copy of the original given to defendant; without which word being supplied by intendment, the sentence to which it *594 belongs is nonsense; in such cases a word will be supplied or rejected. The rule is well laid down in the causes of the King v. Tippet, 1 Term Rep. 233; King v. May, Douglass, 183.
The plea in this cause is, however, substantially good upon its face, independent of the notice set out in words ; the evidence would have been admissible had that part, reciting the notice, been stricken out. It is objected, however, that striking out, or rejecting the notice set forth in terms, and then the copy offered in evidence, would not support the plea, because it does not well describe the note sued upon; which is described as being for between $ 500 and $ 600 ; whereas it is for $ 620. 2dly. The [278] note is described as if given to Hensley, whereas it had been executed to Henry Spar, who had died, and of whom Samuel Hensley was administrator. In this latter objection there would be some force had the notice not been set forth, but this having been done, and the issue having been taken on the plea, the only question for the examination of the Court and jury was the truth thereof; in ascertaining which, error intervened, and which this Court is called upon to correct. This is the only question presented for the consideration of this Court. All the evidence is set forth in the plea that whs relied upon to make out the defence; if this was insufficient, the plaintiff should have demurred, when the objection to the substance of the plea could have been tested. This Court would not, however, be understood as encouraging a demurrer, should the cause again be examined in the Circuit Court.
The judgment will be reversed and the cause remanded for another trial.
Judgment reversed.